**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4598-16T3

DEIRDRE K. HARTMAN,

    Plaintiff-Appellant,

v.

THE STATE OF NEW JERSEY,
PUBLIC EMPLOYMENT RELATIONS
COMMISSION (PERC), and
P. KELLY HATFIELD, Individually
and in her official capacity as
Chair of PERC,

    Defendants-Respondents.

_____

Submitted July 9, 2018 — Decided July 20, 2018

Before Judges Carroll and Rose.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Docket No. L-
2534-14.

Attorneys Hartman, Chartered, attorneys for
appellant (Mark A. Gulbranson, Jr., on the
briefs).

Gurbir S. Grewal, Attorney General, attorney
for respondents (Melissa H. Raksa, Assistant
Attorney General, of counsel; Kimberly Ann
Eaton, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Deirdre K. Hartman brought suit against her employer, the Public Employment Relations Commission (PERC) and its Chair, P. Kelly Hatfield.[1] Pertinent to this appeal, plaintiff asserted a claim against defendants alleging disparate pay based on gender discrimination in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. Specifically, plaintiff contended that in her capacity as Co-Deputy Director of PERC's Unfair Practices Section (UPR), she was paid less for the same work than her male Co-Deputy Director, Jonathan Roth.

In Grigoletti v. Ortho Pharm. Corp., 118 N.J. 89, 96 (1990), our Supreme Court addressed the issue of whether two female employees suffered unlawful discrimination when they received lower wages than male employees performing comparable work. The Court held that a female complainant can establish a prima facie case of pay discrimination under the LAD if she "can demonstrate that unequal pay was given for the performance of work that is substantially equal to that performed by male employees." Id. at 110. In such instances, "the burden [then] shifts to the defendant to demonstrate that the difference in pay was justified." Id. at 102.

> [O]nce a prima facie case has been established, a defendant must establish by

---

[1] The State of New Jersey was also named as a defendant in plaintiff's complaint.

preponderance of evidence one of four affirmative defenses in order to avoid liability. It must prove that the wage disparity is the result of (i) a seniority system, (ii) a merit system, (iii) a system which measures earnings by quantity or quality of production, or (iv) a differential based on any factor other than sex.

[Ibid. (internal citation omitted).]

In the present case, after discovery was complete, both plaintiff and defendants filed motions for summary judgment. On June 9, 2017, Judge Kay Walcott-Henderson conducted oral argument, rendered a cogent oral opinion, and granted summary judgment to defendants. Citing Grigoletti, the judge agreed with defendants that plaintiff "failed to make a prima facie case of gender discrimination because plaintiff and Roth did not perform substantially equal work." Consequently, defendants were not required to show a legitimate non-discriminatory reason for the pay disparity.

The judge found that Roth's compensation was based on his Civil Service position of Hearing Examiner (HE) 1, which was a higher Civil Service position and entailed different duties than the Public Employment Relations Specialist (PERS) 1 position held by plaintiff. The judge also found it undisputed that Roth and another male employee "did not receive promotions or pay raises when appointed to the position of Deputy Director." Finally, the

judge rejected as "inadmissible hearsay" plaintiff's contention that other Deputy Directors were paid a salary commensurate with that of the HE 1 Civil Service position even though they lacked the HE 1 job title.

On appeal, plaintiff argues the trial court erred in dismissing her complaint and granting summary judgment to defendants. Specifically, plaintiff contends the court erred in finding she failed to establish a prima facie case of wage discrimination as a matter of law. Plaintiff further contends none of the four affirmative defenses identified in Grigoletti apply so as to insulate defendants from liability under the LAD.

We review the trial court's grant of summary judgment de novo, employing the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014)). Like the trial court, we consider whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995).

We have carefully reviewed plaintiff's contentions and the controlling legal principles and affirm substantially for the

4

reasons expressed by Judge Walcott-Henderson in her June 9, 2017 oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION